UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, N.A, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2174 |
| | § | |
| AUGUSTIN F. SORIA, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion for default judgment filed by plaintiff HSBC Bank USA, N.A., as trustee for Ace Securities Corp., Home Equity Loan Trust, Series 2005-RM1 ("HSBC"). Dkt. 10. Defendants Augustin Soria and Maria Soria have not responded. Having considered the motion and applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

HSBC sued the Sorias and defendant GAI IRA, LLC ("GAI") seeking a judgment for judicial foreclosure. Dkt. 1 at 5. On or about November 24, 2004, the Sorias obtained a home equity adjustable rate note (the "Note") for the property described as follows:

> LOT THREE HUNDRED THIRTY-SEVEN (337), IN BLOCK TWELVE (12) OF LEXINGTON WOODS NORTH, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF AS RECORDED IN VOLUME 258, PAGE 1 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS (the "Property").

*Id.* at 2, 3. As part of the loan agreement, the Sorias also executed a security instrument (the "Security Instrument"), naming Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *Id.* The Security Instrument was recorded in the Harris County property records. *Id.*

Subsequently, MERS assigned its interest in the Security Instrument to HSBC. *Id.* The assignment was also recorded in the Harris County property records. *Id.* at 4.

The Property is part of the Lexington Woods North Community Association (the "HOA"). *Id.* The HOA required the Sorias to pay assessments. *Id.* The HOA's declaration and covenants allowed the HOA to recover those assessments through a foreclosure sale if the Sorias did not pay them. *Id.* The Sorias failed to pay the assessments, and the HOA filed a judicial foreclosure action in state court. *Id.* HSBC was not a party to the suit. *Id.* The HOA obtained a final summary judgment against the Sorias. *Id.* That court entered an order of sale ordering a sheriff's or constable's sale of the property. *Id.* GAI purchased the Property at the constable's sale. *Id.*

Since then, the Sorias have failed to make payments on the Note and have failed to comply with the covenants and conditions in the Security Instrument. *Id.* at 5. HSBC provided the Sorias with a notice of default and intent to accelerate, but the Sorias have not cured the default. *Id.* Further, the Sorias lost title to the Property at the HOA foreclosure sale, which also constitutes a default of the Security Instrument. *Id.* HSBC sued the Sorias and GAI seeking a judgment allowing it to foreclose on the property. *Id.* at 6.

Subsequently, GAI agreed that its interest in the Property was subject to HSBC's lien interest. Dkt. 7. GAI does not contest HSBC's right to foreclose, and agreed to disclaim any interest in the Property. *Id.* Accordingly, the court entered an agreed judgment as to GAI's interest. Dkt. 11.

On July 17, 2017, the Sorias were properly served with process. Dkts. 6, 6-1. The Sorias' deadline to answer or otherwise respond was August 18, 2017. *See* Fed. R. Civ. P. 12(a). They were informed of their deadline for responding and the consequences of failing to do so. Dkts. 6, 6-1. To date, the Sorias have not answered or responded to this lawsuit. Dkt. 10.

On August 25, 2017, HSBC filed a motion for default judgment against the Sorias. *Id.* Pursuant to the Local Rules of the Southern District of Texas, HSBC served this motion for default judgment upon the Sorias via certified mail, with return receipt requested. *Id.*; *see also* S.D. Tex. L.R. 5.5. HSBC has filed a military affidavit for the Sorias that complies with the Servicemembers' Civil Relief Act, 50 U.S.C App. § 521. Dkt. 10-1.

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

A default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.* A default judgment, thus, "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The well-pleaded allegations in the complaint are assumed to be true, except regarding damages. *Nishimatsu*, 515 F.2d at 1206; *see also United States v. Shipco*

*Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

A court may not enter a default judgment against a minor or incompetent person unless the person is represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b). Additionally, a court may not enter a default judgment if the plaintiff does not file an affidavit regarding the defendant's military status. 50 App. U.S.C. § 521(1). If the defendant is in the military service, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant." *Id.* § 521(2). Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. L.R. 5.5.

### III. ANALYSIS

The Sorias have failed to plead or otherwise defend against this lawsuit. Further, HSBC has properly served them with this lawsuit under the Federal Rules of Civil Procedure and with this motion for default judgment under the Local Rules. Dkts. 6, 6-1, 10. Given the Sorias' failure to answer the complaint in a timely manner, the court may enter default against them, accept all well-pleaded facts in HSBC's complaint as true, and award the relief sought by HSBC. *See Nishimatsu*, 515 F.2d at 1206.

However, even accepting all of HSBC's well-pleaded facts as true, HSBC is not entitled to a default judgment and order of foreclosure. HSBC alleges that the Sorias defaulted on their Note and Security Instrument, which allows for foreclosure of their interest.[1] Dkt. 1. To foreclose under

---

[1] In its complaint, HSBC pleads "judicial foreclosure" as its cause of action. Dkt. 1 at 5. However, judicial foreclosure is a remedy rather than a cause of action. *See In re Erickson*, 566 F. App'x 281, 284 (5th Cir. 2014) (unpublished) (holding that the lender "had a right to pursue judicial foreclosure as a remedy"); *U.S. Bank Nat'l Ass'n v. Ross*, No. H-15-2385, 2017 WL 2730769, at *1

4

a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. XVI, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration. Tex. Prop. Code Ann. § 51.002; *Boren v. U.S. Nat. Bank Ass'n*, No. H-13-2160, 2014 WL 5486100, at *3 (S.D. Tex. Oct. 29, 2014). HSBC alleges the first, third, and fourth elements, but does not allege the second. *See* Dkt. 1. Further, because HSBC did not attach any of the loan documents to the complaint or motion for default judgment, the court cannot determine whether HSBC's lien was created under Art. XVI, § 50(a)(6) of the Texas Constitution.

## IV. CONCLUSION

Accepting all of HSBC's well-pleaded facts as true, HSBC still does not show it is entitled to the remedy of foreclosure. Thus, the motion for default judgment (Dkt. 10) is DENIED.

Plaintiff may file an amended motion for default judgment no later than twenty one days from the date of this order.

Signed at Houston, Texas on January 17, 2018.

_____
Gray H. Miller
United States District Judge

---

(S.D. Tex. June 26, 2017) (Miller, J.). Out of an abundance of caution, the court will consider whether HSBC is entitled to the remedy of foreclosure even though it did not plead a viable claim as is required under Rule 8(a). Fed. R. Civ. P. 8(a).